## UNITED STATES v. LYLE et al.
### No. 5875.

Circuit Court of Appeals, Sixth Circuit.

Dec. 16, 1931.

C. L. Dawson, of Washington, D. C. (Lindsay B. Phillips and David Hanover, both of Memphis, Tenn., and William Wolff Smith and Bayless L. Guffy, both of Washington, D. C., on the brief), for the United States.

George J. Coleman, of Memphis, Tenn., for appellees.

Before MOORMAN, HICKS, and HICKENLOOPER, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment of recovery on a policy of war risk insurance issued to Robert N. Lyle while in the military service of the United States during the World War. It is conceded that Lyle is now suffering from a form of dementia which renders him incapable of following continuously any substantially gainful occupation. The only question to be considered is whether his claim that he became totally and permanently disabled during the life of the policy was supported by sufficient evidence to submit that issue to the jury.

Lyle was given an honorable discharge from the army on December 7, 1918, and permitted his policy to lapse for nonpayment of premium on February 1, 1919. He was employed by the Corn Products Company January 16, 1919, and thereafter worked regularly for that company, as a salesman, until March 29, 1924. There is some testimony to the effect that he did not appear to be normal shortly after his discharge from the army. An incident relied upon in support of that view is that while visiting one of his brothers he slept outside his brother's house on a cold night. An officer of the Corn Products Company who is a friend of Lyle's testified that Lyle was kept with the company because of a duty it felt to its former employees who had been in the service, and that after only a few weeks of work in 1919 he noticed that Lyle was not turning in the quantity of business to be expected. The witness admitted, however, that he had previously made an affidavit stating that Lyle worked for more than a year before he noticed any falling off in the business. The medical testimony introduced by plaintiff indicates that there was no total and permanent disability prior to February 1, 1919. One physician, in response to a hypothetical question, stated that Lyle was not a normal man when he was discharged from the army, but was not incompetent. Another said: "I could not say he was permanently and totally disabled at that particular date" (February 1, 1919).

It was necessary in order to make a case for the jury that plaintiff introduce substantial evidence of total and permanent disability occurring prior to February 1, 1919. Any inference of such disability that might be drawn from Lyle's present condition or from the testimony of partial abnormality observed shortly after his discharge is completely refuted by his work record with the Corn Products Company for more than five years, during which time he was paid $6,572.50 as salary and $12,712.50 as expenses, a total of $19,284.50. United States v. Wilson (C. C. A.) 50 F.(2d) 1063; United States v. Le 'Duc (C. C. A.) 48 F.(2d) 789; United States v. Rice (C. C. A.) 47 F.(2d) 749; United States v. Harrison (C. C. A.) 49 F.(2d) 227; Nicolay v. United States (C. C. A.) 51 F.(2d) 170.

Indeed, the evidence for the plaintiff seems to us not to constitute a scintilla, and a mere scintilla is not sufficient. Hardy-Burlingham Mining Co. v. Baker, 10 F.(2d) 277 (C. C. A. 6). The case is to be aligned, we think, with United States v. Cole, 45 F.(2d) 339 (C. C. A. 6), rather than United States v. Scott, 50 F.(2d) 773 (C. C. A. 6).

The judgment is reversed, and the cause remanded for further proceedings.