## UNITED STATES v. GWIN.

## SINGLETON v. UNITED STATES.

## UNITED STATES v. HENNING.

### Nos. 6310, 6337, 6415.

Circuit Court of Appeals, Sixth Circuit.

Dec. 15, 1933.

No. 6310:

Claude Hudgins, of Louisville, Ky., and W. C. Pickett, of Washington, D. C. (Frank A. Ropke, Geo. R. Brown, Jr., and T. J. Sparks, all of Louisville, Ky., and Davis G. Arnold and C. L. Dawson, both of Washington, D. C., on the brief), for the United States.

Perry B. Miller, of Louisville, Ky. (Arthur C. Gunther, of Louisville, Ky., on the brief), for appellee.

No. 6337:

Charles L. Neely, of Memphis, Tenn. (Leslie Darden, on the brief), for appellant.

Joseph M. Bearman, of Memphis, Tenn. (William McClanahan and R. G. Draper, both of Memphis, Tenn., and C. L. Dawson, of Washington, D. C., on the brief) for the United States.

No. 6415:

Joseph M. Bearman, of Memphis, Tenn. (Dwyane D. Maddox and Bailey Walsh, both of Memphis, Tenn., and H. C. Murchison, of Jackson, Tenn., on the brief), for the United States.

Charles L. Neely, of Memphis, Tenn. (Mahlon M. Meeker, of Memphis, Tenn., on the brief), for appellee.

Before MOORMAN, HICKS, and HICKENLOOPER, Circuit Judges.

HICKENLOOPER, Circuit Judge.

Appeal No. 6310 is from a judgment for plaintiff in an action upon a policy of war risk insurance, the assertion of the right to recovery being predicated upon the claim that the insured, at the time of the alleged lapse of his policy, immediately following his discharge from the Army in 1919, was totally and permanently disabled, and that the policy had therefore matured before lapse. A jury was waived, the case was tried to the court below upon the testimony of witnesses and a stipulation of additional facts, both sides moved for judgment at the close of the evidence, and upon rendering judgment the court made separate findings of fact, and separately stated its conclusions of law thereunder, to which findings of fact and conclusions of law the defendant duly excepted. The sole question presented on this appeal, which question we think was properly preserved for our consideration, is whether, in view of the work record of the insured, the court erred in finding that he was totally and permanently disabled at the time of his discharge. Somewhat differently expressed, the

question is whether that work record necessarily and as a matter of law required entry of judgment for defendant.

Counsel for plaintiff contends that, inasmuch as the plaintiff introduced substantial evidence of the insured's total disability, by reason of incipient dementia præcox, at the time of the alleged lapse of his policy, and of a continuance of this mental disorder, manifested by more or less pronounced symptoms, up to the present time, at which time it is conceded the insured is totally and permanently disabled, this court is not concerned with the relative weight of the evidence, but must affirm the fact finding of the court below. The fallacy of this argument lies in the second premise, that a continuance of the insured's mental disorder, from the time symptoms of it were first noticed down to the present time, is proof of, or substantial evidence tending to prove, a continuance of the earlier existing total disability (in all its totality) in the face of evidence that for a quite substantial period of time the insured was able to and did support himself by his own labor in the field in which he had formerly been employed.

In Bartee v. United States, 60 F.(2d) 247, 248, this court held that the word "continuously" in Regulation 11, defining total disability as "any impairment of mind or body which renders it impossible for the disabled person to follow continuously any substantially gainful occupation," was used in the sense of "with reasonable regularity"; that by "substantially gainful occupation" was meant some "substantial portion of the work of the world in regular competition with others"; and that "impossible," as contained in the regulation, meant without "the risk of serious physical injury resulting from such work." This places the whole matter of interpretation of Regulation 11 upon both humanitarian and utilitarian grounds; a man should not be prejudiced by working when in justice to his own well-being he should not be doing so, or where he works only at the risk of serious personal injury to himself. So also, he should not be required to pay the premiums upon his contract of insurance unless, during substantial periods of time subsequent to the alleged lapse of the policy, he was able to earn his own living, in whole or in substantial part, by doing a material portion of the world's work, working with reasonable regularity and for a substantial compensation.

In the above construction of Regulation 11, we have added to its meaning as stated in the Bartee Case only the element that if, between the cessation in payment of premiums and the conceded, subsequent, permanent, total disability, a "substantial period of time" occurs during which the insured was able "to follow continuously any substantially gainful occupation," as that clause has already been defined, then any disability existing before such period of time, even though it was then to be regarded as a total disability, may not, as a matter of law, be held to have been permanently total as of the earlier date. . This distinction we think implicit in both the War Risk Insurance Act and the terms of the issued insurance certificate, for it is not total disability alone against which the soldier was insured, but only that total disability which was permanent in its nature; and we think that the words "total permanent disability" of the act (40 Stat. 409) require that such disability be both permanent and total for the entire period; that is, a permanent total disability. It should also be noted that the dissent in the Bartee Case was based, not so much upon the statement of the rule, as upon its application to the facts of that specific case.

This, then, would furnish a rule by which the cases which most frequently arise might be decided. There are, of course, a great number of maladies which are or may be steadily progressive, but which are not wholly incapacitating in their early stages. There are others which, though properly to be considered as total disabilities in the incipient stages, are often arrested to the extent that the patient may thereafter lead an industrious and a useful life. Pulmonary tuberculosis is one of the commonest of the latter class. Compare Falbo v. United States, 64 F.(2d) 948 (C. C. A. 9). Regulation 11 provides that "'total disability' shall be deemed to be 'permanent' whenever it is founded upon conditions which render it reasonably certain that it will continue throughout the life of the person suffering from it." This, we think, is no more than a definition of those facts which, prospectively, will justify an inference of the permanency of the total disability. When, however, this inference is inconsistent with the undisputed facts, as where it appears that the plaintiff, after his initial total disability, has so far regained his health as to be able to earn his own living for a substantial period of time, thus showing that, in so far as the disability was permanent, it was at best partial, and, in so far as it was total, it was at best temporary, whatever inference might otherwise be justified under Regulation 11 must fail because of such inconsistency.

Pennsylvania R. Co. v. Chamberlain, 288 U. S. 333, 341, 53 S. Ct. 391, 77 L. Ed. 819.

What amounts to a really substantial period of time is also a question ordinarily to be determined in each case, but it seems manifest to us that a period of several years must be regarded as substantial in duration. In United States v. Scott, 50 F.(2d) 773, 774, we held that it could not be said, as a matter of law, that nine months employment in a minor clerkship was conclusive proof of ability to "follow continuously a substantially gainful occupation." This is not inconsistent with the position here taken, for there, as in the Bartee Case, the period of continuous employment, and of earning capacity, was not, all things considered, regarded as of substantial duration.

In the instant case, the insured was regularly and continuously employed by the Railway Express Company, at Terre Haute, Ind., as a trafficman and chauffeur, from August 1, 1920, to January 12, 1925, a period of over four years and five months. This we think meets the test of continuous employment at a substantially gainful occupation, and definitely aligns the case with our decisions in United States v. Cole, 45 F.(2d) 339, and United States v. Lyle, 54 F.(2d) 357. The judgment of the District Court is accordingly reversed, and the cause is remanded for a new trial.

In No. 6337 plaintiff in the court below appeals from a judgment entered upon a verdict directed for defendant. In this case the plaintiff had been employed as an assistant storekeeper at the Government Marine Hospital No. 88 in Memphis for a period of about eight years. No claim is made that he was not, during this time, able to attend to the duties assigned him with reasonable regularity, or that the employment was not to be regarded as "substantially gainful." For the reasons already stated, we are of the opinion that the judgment in this cause must be affirmed, and it is so ordered.

In No. 6415 the United States appeals from a judgment allowing recovery on a policy of war risk insurance which was permitted to lapse immediately following the insured's discharge from the Army. The undisputed evidence showed that the insured had been employed for some seven years, 1923 to 1930, as a mechanic and machinist, at the compensation normally paid for such labor, and with the same degree of regularity of employment as enjoyed by other high-grade workmen. The only evidence of total disability at the time of the lapse of the policy was an X-ray plate which one expert thought showed an old tuberculosis then "slightly active." This picture was taken in 1921, more than two years after the lapse of the policy, and, even though it be conceded that the insured was afflicted with incipient tuberculosis at that time, this is less than a scintilla of evidence tending to prove total disability at the time of the lapse of the policy or a permanency of total disability from that time to the present. The judgment of the District Court is reversed, and the cause remanded for a new trial.