## UNITED STATES v. SUMNER.

### No. 6291.

Circuit Court of Appeals, Sixth Circuit.
March 6, 1934.

W. C. Pickett, of Washington, D. C. (Sawyer A. Smith, of Covington, Ky., Errol W. Draffen, of Harrodsburg, Ky., Marion W. Moore, of Lexington, Ky., and J. O'C. Roberts and Davis G. Arnold, both of Washington, D. C., on the brief), for the United States.

Perry B. Miller, of Louisville, Ky., for appellee.

Before MOORMAN, HICKS, and SIMONS, Circuit Judges.

HICKS, Circuit Judge.

Suit upon a war risk insurance policy. The policy lapsed on April 2, 1918, for nonpayment of premiums unless appellee was then permanently and totally disabled.

By stipulation the case was tried without the intervention of a jury and both parties moved the court for a separation of its findings of fact and conclusions of law. The court found as a fact that appellee, Sumner, was totally and permanently disabled from April 2, 1918, and adjudged that he was entitled to recover the sum of $57.50 per month from that date according to the terms of the policy. To this finding appellant excepted, and the sole question is whether there was any substantial evidence to support it.

We think there is sufficient evidence that appellee, on April 2, 1918, the date of his discharge from the army, was totally disabled with incipient tuberculosis. But this evidence, within itself, carries no inference that his disability then existing was reasonably certain to continue throughout life. U. S. v. Thomas, 64 F.(2d) 245 (C. C. A. 10); Andrews v. U. S., 63 F.(2d) 184, 187 (C. C. A. 8); Nicolay v. U. S., 51 F.(2d) 170, 172 (C. C. A. 10). It is common knowledge that incipient tuberculosis may be, and often is, "arrested to the extent that the patient may thereafter lead an industrious and a useful life." U. S. v. Gwin (C. C. A.) 68 F.(2d) 124, 126, decided December 15, 1933.

We think it unnecessary to redefine the phrase "total permanent disability," found in section 400 of the War Risk Insurance Act (40 Stat. 409), and subsequent Treasury Regulations. What we have said upon that subject in Bartee v. U. S., 60 F.(2d) 247, and in U. S. v. Gwin, supra, is adequate. Neither temporary total disability nor permanent partial disability is sufficient. The burden was

upon appellee to show by substantial evidence that he was not only totally disabled within the life of the contract, but that it was then reasonably certain that his total ·disability would continue throughout life. U. S. v. Cole, 45 F.(2d) 339, 341 (C. C. A.˙6); U. S. v. Howard, 64 F.(2d) 533 (C. C. A. 5).

█ We have here an intervening period of thirteen years between the last payment of premium and the trial of the case. This long delay in bringing suit should be taken into consideration. U. S. v. Linkhart, 64 F.(2d) 747, 748 (C. C. A. 7); Lumbra v. U. S., 54 S. Ct. 272, 78 L. Ed. ——, decided Jan. 8, 1934. In addition there is the physical and industrial history of appellee during that period.

█ A condensed statement of the evidence, to be considered, of course, in the light most favorable to appellee, shows that he enlisted in the army in 1914; that in March, 1918, he was placed in a hospital at Camp Gordon, Ga.; that he never returned to active duty, but was honorably discharged by reason of disability April 2, 1918; that he was then informed by army surgeons that he had tuberculosis; that he had lost weight, had shortness of breath, a severe cough, and ran a temperature; that he came home and remained there until November, 1918; that he was treated in a government hospital at Evansville, Ind., until March, 1919; that he took vocational training in agriculture for three or four months at Berea, Ky.; that he was examined by a government physician in Richmond, Ky., and sent to a hospital; that soon thereafter he was returned to the Evansville hospital; that he returned home and was ordered to a hospital in Deming, N. M., where he remained about two months. From Deming, N. M., he went to his father's farm, but did not work. He married in 1921 and went to live at Greenwood, Ky., and there received training for a short while in telegraphy. The evidence is that Dr. Cain, a representative of the Veterans' Bureau, examined appellee on September 9, 1921, and diagnosed his disease as "tuberculosis, pulmonary, chronic," with prognosis unfavorable; that he examined him again on May 2, 1922, with diagnosis and prognosis the same; that he started˙to work as a brakeman upon the Southern Railroad in October, 1922; that he then passed a physical examination and reported his health as "good," but did˙not have his lungs examined; that he worked as a brakeman until March, 1923, and quit because he was not able to do the work. His earnings as a brakeman are not shown.

The appellant's evidence shows that appellee was examined on April 24, 1923, by Dr. Lewis, a physician specializing in X-ray work, and that the X-ray picture indicated "pulmonary tuberculosis, chronic, apparently arrested"; that he was also examined on August 24, 1923, by Dr. Morris and the report showed that the tuberculosis was at that time apparently arrested.

In the years 1923 and 1924 appellee took vocational training in a business school at Lexington, Ky. He then worked for the Newport Rolling Mill Company from July 14, 1924, to July 14, 1925, exactly one year. He worked regularly, and his wages were increased from 40 cents to 45 cents an hour and again to 47½ cents, and finally, commencing with March 14, 1925, he was paid $30 a week. He commenced work there as an inspector of sheets, which did not require severe manual labor, and was afterwards advanced to the position of foreman, and as such worked from 7 p. m. to 5 a. m. He was discharged, as the mill records show, for insubordination. During his service at the mill he earned $1,401.57. With the exception of two weeks, during one of which he was called home on account of the sickness of his child, he worked not fewer than forty-five hours per week.

There is no record that appellee sought or received medical attention after his discharge from the mill, and no further work record is disclosed until September, 1926, when he was engaged for a month by the Union Gas & Electric Company in indoor work at 40 cents an hour. On October 18,˙1928, he began work upon the public highway and worked until March 23, 1930, at operating a road grader, for which he received $3 per day. The intermittent nature of this work was not due to appellee's incapacity but to irregularity in the need for men. During the intervening period he "did a little garden work for himself."

We think that appellee's evidence presented ·no more than grounds for speculation as to the permanence of his disability on April 2, 1918, the date of the expiration of the policy [Nicolay v. United States, supra; Eggen v. United States, 58 F.(2d) 616, 618 (C. C. A. 8); United States v. Peters, 62 F.(2d) 977,˙980 (C. C. A. 8)], and further, that any possible inference of such disability of that date as might be drawn from his evidence is completely refuted by his work record and other activities since 1922, and especially since July, 1924.

The judgment is reversed, and the case remanded for a new trial.