## UNITED STATES v. ADCOCK.

### No. 6428.

Circuit Court of Appeals, Sixth Circuit.

March 12, 1934.

R. N. Ivins, of Louisville, Ky. (A. V. McLane, of Lewisburg, Tenn., W. Poe Maddox and Maynard Tipps, both of Nashville, Tenn., and Davis G. Arnold and John Mock, both of Washington, D. C., on the brief), for the United States.

Joseph Higgins, of Nashville, Tenn., for appellee.

Before HICKS and SIMONS, Circuit Judges, and HAHN, District Judge.

SIMONS, Circuit Judge.

This is a war risk insurance case, and the only error assigned requiring consideration is the court's denial of a motion for a directed verdict for the appellant made at the conclusion of the evidence. The motion challenged the sufficiency of the proofs to raise an issue for the jury as to the plaintiff's becoming totally and permanently disabled during the life of the insurance contract. The only question involved is whether a soldier who lost one leg in service, and whose health is not otherwise impaired, has within the intent of the War Risk Insurance Act and the definition of the applicable regulations, suffered such total and permanent disability as to bring his policy to maturity prior to default.

The section of the act involved and the regulations relied upon have been so often cited by us, and are so fully set forth in

960

the cases hereinafter noted, that restatement here is superfluous. The record discloses that the plaintiff fell from a freight train while in France, and his left leg was crushed between the ankle and the knee, necessitating the amputation of the leg at the middle third of the thigh. Except for the loss of his leg the medical testimony was in complete accord as to his being a robust, strong, well-muscled man, with no other infirmities.

That the loss of one leg or one arm is not generally sufficient to constitute total disability, however permanent partial disability may prove to be, is settled by a respectable line of authorities, Thompson v. United States, 65 F.(2d) 897 (C. C. A. 8); Hanagan v. United States, 57 F.(2d) 860 (C. C. A. 7); United States v. Martin, 54 F.(2d) 554 (C. C. A. 5); United States v. Weeks, 62 F.(2d) 1030 (C. C. A. 8); United States v. Mayfield, 64 F.(2d) 214 (C. C. A. 10), and the soundness of such conclusion has support in common knowledge and observation. It also seems to have been the thought of the Congress that total and permanent disability involves something more than the loss of a single body member when it framed section 202 of the World War Veterans' Act, as amended July 2, 1926 (38 USCA § 473), to provide for disability compensation. That section defines permanent disability as the "loss of the use of both feet, or both hands, or of both eyes, or of one foot and one hand, or of one foot and one eye, or of one hand and one eye, or the loss of hearing of both ears, or the organic loss of speech, or becoming permanently helpless or permanently bedridden."

Whether section 202 as amended is conclusive upon the measure of total disability as applied to the insurance provisions of the act, and whether there may not be exceptional circumstances under which the loss of one leg may be regarded as total disability, we are not required to decide. No such circumstances appear. It is contended that the plaintiff being of inferior mentality, unable to pursue his pre-enlistment occupation as cabinet maker, and unable to learn a new trade, is therefore unable to follow any substantially gainful occupation, also that the condition of the scar upon the stump of his amputated leg does not permit of the use of an artificial leg without pain or other ill effect. Neither contention is supported by substantial evidence. As to the first, the record shows that he was placed in vocational training, but refused to complete his course because it involved temporary separation from his family; that he owns two cars, one of which he drives practically all the time, and has at times earned more than his pre-enlistment income. As to the latter, there is no evidence of the permanency of the condition, nor that it cannot be surgically corrected. The plaintiff's present claim of total disability is not aided by his own prior conception of his condition, inferable from his post enlistment assumption of the responsibilities of married life and of the raising of children.

The District Court was in error in overruling the motion for directed verdict.

Reversed and remanded for further proceedings consistent herewith.