368

## UNITED STATES v. REEVES.
### No. 6637.

Circuit Court of Appeals, Sixth Circuit.

Feb. 13, 1935.

J. M. Bearman, of Memphis, Tenn. (William McClanahan and R. G. Draper, both of Memphis, Tenn., and Will G. Beardslee and W. Clifton Stone, both of Washington, D. C., on the brief), for the United States.

James D. Senter, Jr., of Humboldt, Tenn. (Thomas J. Walsh, of Memphis, Tenn., on the brief), for appellee.

Before MOORMAN, HICKS, and ALLEN, Circuit Judges.

HICKS, Circuit Judge.

Suit by the administratrix of the estate of Robert L. H. Reeves upon a war risk insurance policy. The policy lapsed on March 31, 1919, unless the deceased was then permanently and totally disabled. On the trial before a jury, both parties moved for a directed verdict at the conclusion of all the evidence. The court thereupon determined the fact issue and rendered judgment for the plaintiff.

The sole question is whether there was substantial evidence to show that deceased became totally and permanently disabled during the life of the policy.

"Total permanent disability" has been defined in Lumbra v. United States, 290 U. S. 551, 558, 54 S. Ct. 272, 78 L. Ed. 492. See, also, United States v. Spaulding, 55 S. Ct. 273, 79 L. Ed. ——, decided by the Supreme Court January 7, 1935; and United States v. Hodges, 74 F.(2d) 617, decided by this court January 8, 1935.

The deceased entered the military service on August 7, 1918, contracted influenza en route to England, and upon arrival there was admitted to Army Base Hospital No. 33 at Portsmouth. He seems to have soon recovered from the influenza, but a further diagnosis on November 3d disclosed what is styled "constitutional psychopathic state, inadequate personality." He was transferred from the hospital at Portsmouth to Army General Hospital No. 7 at Fort McPherson, Ga., where he was admitted on January 1, 1919, and from which he was honorably discharged on February 22, 1919, on account of "(1) psycho-neurosis; and (2) mental deficiency—moron." He reached home, near Milan, Tenn., on February 24th. Nine years later, on August 30, 1928, he died from tuberculosis in a hospital at Outwood, Ky.

Appellee's claim was that deceased became totally and permanently disabled from tuberculosis during the life of the policy, but, as above indicated, there is no direct evidence of symptoms of tuberculosis prior to the deceased's return to his home. However, there is evidence tending to show that after that date and before the lapse of the policy he would go to sleep while sitting down, or in conversation; that he would perspire freely, would have to be awakened and helped from his chair to his bed; that he complained of pains in his head, chest, and stomach; that he coughed and choked and his breath rattled; that he was short of breath, would easily become exhausted, would have fever, and that on one occasion, at least, streaks of blood were noticed in his spittle; and that he did not go to work for a month after his return.

From the medical testimony based on the above facts, including the attack of influenza, we may assume that deceased had contracted tuberculosis before the lapse of the policy; but the evidence fails to show that the disease had then advanced beyond a primary stage or that it had become permanent.

The physician introduced by appellee, basing his diagnosis solely upon the evidence he had heard in court and the A. G. O. reports, was unwilling to venture an opinion as to the stage of the disease at the time the deceased returned home. The burden was upon appellee to show that deceased had become totally and permanently disabled while the policy was in force. See United States

v. Sumner, 69 F.(2d) 770, 771 (C. C. A. 6); United States v. Gwin, 68 F.(2d) 124, 126 (C. C. A. 6); Falbo v. United States, 64 F. (2d) 948 (C. C. A. 9); and Nicolay v. United States, 51 F.(2d) 170, 173 (C. C. A. 10). The inference that he was then incurable is founded upon conjecture alone. As pointed out in the cases cited, incipient tuberculosis may, with proper treatment, be completely arrested and substantially cured. It is true that at some period in the progress of the disease disability became permanent, but the policy did not insure against such an event after its lapse.

Moreover, the contract insured the deceased only against total permanent disability, occurring while it was in force. It did not provide protection against partial disability, even though permanent. About the time the policy lapsed, the deceased went to work as a sharecropper and worked as such, with the possible exception of two years until June, 1926. The record discloses that in 1919, 1920, and 1921 he failed to finish his crops on account of his physical condition; but in 1923 he worked steadily at a cotton mill in Bemis from spring until October; and in 1924 and 1925 he worked steadily as a sharecropper with the exception of one week in March, 1925, when he was confined to his bed. He was taken to a physician once in 1921, called a physician in 1922 for hemorrhoids and colitis, and once during the week's illness of March, 1925. In June, 1926, deceased again began working in the cotton mill and appears to have worked there steadily until May, 1928. He would leave home for his work about 6 o'clock in the morning and return about 5 or 6 in the evening. During this period of nearly two years he was sometimes favored by his fellow workmen, who assisted him with his work, but it is not shown that he lost any time and there is no definite evidence that he suffered any substantial reduction in pay. Out of his savings he supported his family, consisting of himself, his wife, and four children. He never consulted a physician for tuberculosis nor asserted any claim upon his policy from its lapse until his death, a period of approximately nine years.

In view of the work record of the deceased (Lumbra, Spaulding, Hodges and Sumner Cases, supra), we think that there is no substantial evidence to support the finding that he became totally and permanently disabled while his policy was in force.

The judgment is reversed, and the cause remanded for further proceedings.