## DEMMON v. UNITED STATES.
### No. 7641.

Circuit Court of Appeals, Fifth Circuit.
April 10, 1935.

Rehearing Denied June 6, 1935.

O. S. Thacker and Lawrence Rogers, both of Kissimmee, Fla., and Wm. Joe Sears, Jr., and Dana Brown, both of Jacksonville, Fla., for appellant.

Armistead L. Boothe, Atty., Department of Justice, of Washington, D. C., and John W. Holland, U. S. Atty., of Jacksonville, Fla., for the United States.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

Appellant is another of that lengthening procession of suitors on war risk policies,[1] who, claiming that total and permanent disability existed many years ago while the policies were in force by payment of premiums, find themselves unable to show more than partial disability, or, if now totally and permanently disabled, unable to show that they were so then.

Appellant has twice tried his case. Once a jury found for him, but that verdict was set aside. On this trial the district judge did not invite the jury's verdict; he directed it for defendant. Earnestly insisting that his evidence, if believed, made out a case for the jury, appellant presses it upon our attention. It shows that he entered active service October 12, 1918, and was discharged December 14, 1918. On November 20, as the result of an influenza attack, he was on sick leave for ten days. Before entering the service he had studied to be a druggist at Valparaiso University, Indiana, three and a half years. After his dis-

[1] Note 1. Nicolay v. U. S. (C. C. A.) 51 F.(2d) 170; U. S. v. Crume (C. C. A.) 54 F.(2d) 556; Eggen v. United States (C. C. A.) 58 F.(2d) 616; Walters v. U. S. (C. C. A.) 63 F.(2d) 299; Wise v. U. S. (C. C. A.) 63 F.(2d) 307; Falbo v. U. S. (C. C. A.) 64 F.(2d) 948; U. S. v. Sumner (C. C. A.) 69 F.(2d) 770; U. S. v. Sandifer (C. C. A.) 76 F.(2d) 551; U. S. v. Fabe Little (C. C. A.) 77 F.(2d) 420; U. S. v. Walker (C. C. A.) 77 F. (2d) 415; Lumbra v. U. S., 290 U. S. 551, 54 S. Ct. 272, 78 L. Ed. 492; U. S. v. Spaulding, 293 U. S. 498, 55 S. Ct. 273, 79 L. Ed. —; Miller v. U. S., 55 S. Ct. 440, 79 L. Ed. —; Miller v. U. S. (C. C. A.) 71 F.(2d) 361, 362.

charge he returned to the university to finish his course. After about a third or a half term there he commenced to run a temperature, and his chest bothered him. He went for a while to the City Hospital, and, advised to go South and take open air work, he left the university and took up the sale of brushes. He spent some time in Texas at this, but, his health giving way, he was sent to a tuberculosis sanitarium about December, 1919, where he remained eight months, in bed continuously for three months of that time. From this hospital he went to the tubercular sanitarium at Fort Sam Houston, San Antonio, where he stayed for a while, and upon his discharge from there in December, 1920, he went to St. Cloud, Fla. Up to this time he had been keeping up his insurance by paying the premiums, and he continued to do this until June, 1921, when the last one was paid. By 1922 the tubercular condition had become arrested. About this time a heart condition, myocarditis, commenced to develop, and he was treated for it then and off and on after that for six or seven years, from December, 1920, to 1927. While there is evidence that during this period this condition was partially disabling in its effects, there is none that it totally and permanently disabled him, unless his physician's opinion that because he had it he ought not to have worked, and particularly that his driving a taxi was injurious to him, may be taken as sufficient proof. Of course this may not be done, for it appears that at least from 1924 to 1932 he was in the business of driving an automobile for hire, with some interruptions, it is true, on account of his condition, and with some aid from others. Miller v. United States, supra. During this period he was given a compensation rating of partial disability for arrested tuberculosis, and he went from time to time to different hospitals for treatment. There was testimony, too, on his part, that for a period he would "tumble over in the street" once or twice a month, and at other times would not have a spell for six weeks. It may not be doubted, then, that while his policy was in force by premium payments, a disablement as the result of tuberculosis did set in. It may not be doubted, on the other hand, however, that such disablement as he then had, to the extent that it was ever total, was only temporary, and to the extent that it was permanent, was only partial. Following this disability, a heart condition developed, which was never totally disabling. His condition as the result of the successive onsets of these afflictive conditions, each disabling him partially and temporarily, and neither disabling him totally and permanently, shows his case to be like Crume's Case, note 1, supra. Brought, as his case was, many years after he had lapsed his policy by nonpayment of premiums, he was under a heavy burden to show a disability then setting in totally and permanently, that is, a disability which in all probability was not alleviable by ordinary and reasonable treatment and methods of cure. U. S. v. Walker, supra. A disability then disabling him, and which would continue to disable him from making his living by work. Mere proof of successive disabilities, none of them completely disabling him, if ever, until many years after his policy had lapsed, does not make out a case.

The verdict was rightly directed. The judgment is affirmed.