## UNITED STATES v. MIDDLETON.

### No. 6883.

Circuit Court of Appeals, Sixth Circuit.

Jan. 17, 1936.

C. P. J. Mooney, of Memphis, Tenn. (William McClanahan, of Memphis, Tenn., and Will G. Beardslee and Thomas E. Walsh, both of Washington, D. C., on the brief), for the United States.

J. C. Davis, of Lexington, Tenn. (Winfred H. Lancaster, of Lexington, Tenn., on the brief), for appellee.

Before MOORMAN, SIMONS, and ALLEN, Circuit Judges.

SIMONS, Circuit Judge.

This appeal again raises the vexed question as to whether total and permanent disability of a war veteran, asserted many years after the lapse of his policy, is by substantial evidence of continuity, traced to injury or illness suffered during the life of the policy, though not at that time recognized as constituting such disability. The question was presented by motion for directed verdict on the ground that the evidence failed to establish a basis for recovery, and the denial of the motion is the error complained of.

We have already noted, United States v. Hodges, 74 F.(2d) 617, that since the decision of the Supreme Court in Lumbra v. United States, 290 U.S. 551, 54 S.Ct. 272, 276, 78 L.Ed. 492, which construed the statute and War Risk Insurance Regulation No. 11, earlier cases applying the definition of "permanent and total disability" in the regulation contained, in its strict literalness are of doubtful reliance, including our own decisions in United States v. Scott, 50 F.(2d) 773, and Bartee v. United States, 60 F.(2d) 247. In the Lumbra Case it was said that the administrative decision "is not, and manifestly was not intended to be, an exact definition of total permanent disability or the sole guide by which that expression is to be construed. If read literally, every impairment from time to time compelling interruption of gainful occupation for any period, however brief, would be total disability." Permanent disability means that which is continuing as opposed to that which is temporary, and separate and distinct periods of temporary disability do not constitute that which is permanent.

The soldier in this case is tubercular. No question is made of his total and permanent incapacity at the time of the trial. The issue is as to whether his policy matured before its lapse by reason of his disability prior to that time. The appellee was found fit for military service on August 6, 1917, and was inducted into the army. Again examined by army doctors on September 27, 1917, he was found to be in normal physical condition and qualified. He sailed for overseas service on April 9, 1918. While on active duty in France he contracted influenza, and was hospitalized from December 21, 1918, to December 30, 1918. On June 23, 1919, he again entered the hospital and received treatment for a condition diagnosed as "pulmonary tuberculosis and pleurisy, serofibrinous, acute left." On August 6th he was brought back to the United States as a "casual," returned to duty August 7th, and discharged August 19, 1919. At the time of his discharge he signed a statement to the effect that he had no reason to believe he was suffering from the effect of any wound or disease, and a physical examination on the previous day by the

army surgeon disclosed him physically sound and not to any extent disabled.

The appellee's policy lapsed for nonpayment of premiums upon the expiration of its grace period at the end of September, 1919. In 1921 he was awarded monthly compensation of $8 dating from July. He had claimed in letters to the Bureau of February 4 and May 14, 1921, to be entitled to 50 per cent. disability compensation, and on October 17, 1926, he claimed a classification as an "arrested T. B." Beginning shortly after his discharge, the appellant was from time to time examined by physicians, who found him suffering from pleurisy and tuberculosis of the left lung, and in 1921 the upper right lung was found to be involved. Though hospitalization was repeatedly advised, it was never undertaken.

There is fair inference that the disease from which total and permanent disability ultimately resulted had its beginnings during the life of the appellee's policy. There is no reasonably permissive inference, however, that before the lapse of the policy it had progressed to the stage where it was totally disabling, or where its persistence might reasonably have been expected to continue permanently. In United States v. Gwin, 68 F.(2d) 124, 126, we observed that there are "a great number of maladies which are or may be steadily progressive, but which are not wholly incapacitating in their early stages," and that: "There are others which, though properly to be considered as total disabilities in the incipient stages, are often arrested to the extent that the patient may thereafter lead an industrious and a useful life. Pulmonary tuberculosis is one of the commonest of the latter class. Compare Falbo v. United States, 64 F.(2d) 948 (C.C.A.9)." The present case must be aligned with United States v. Sumner, 69 F.(2d) 770 (C.C.A.6), where it was said that even if tuberculosis was totally disabling in its incipient stages, evidence of this carries no inference that the disability is reasonably certain to continue through life.

It may be said that the soldier's work record is not here so impressive as to of itself destroy an inference, were it permissible to draw it, that he was totally disabled at discharge, with disability continuing until its permanent character was beyond controversy. His own estimate of the extent of his disability, his claims of partial disability to the Bureau, his undertaking of the responsibilities of married life in 1920, United States v. Adcock, 69 F.(2d) 959 (C.C.A.6), his failure to accept hospitalization, Eggen v. United States, 58 F.(2d) 616 (C.C.A.8), United States v. Galloway, 62 F.(2d) 1057 (C.C.A.4), and his delay of approximately thirteen years in making claim or bringing suit, Lumbra v. United States, supra, all prevent any reasonable inference being drawn that the policy was matured by total permanent disability before its lapse.

The judgment below is reversed, and the cause remanded for further proceedings consistent herewith.