## UNITED STATES v. GIBBONS.

### No. 7307.

Circuit Court of Appeals, Sixth Circuit.

Jan. 4, 1938.

K. L. Seegmiller, of Washington, D. C. (Horace Frierson, Jr., and A. O. Denning, both of Nashville, Tenn., and Will G. Beardslee, Wilbur C. Pickett, and J. Gregory Bruce, all of Washington, D. C., on the brief), for the United States.

F. F. Locke, of Lawrenceburg, Tenn. (John G. Crews, of Lawrenceburg, Tenn., on the brief), for appellee.

Before MOORMAN and SIMONS, Circuit Judges, and FORD, District Judge.

MOORMAN, Circuit Judge.

This is an appeal from a judgment awarding appellee the permanent and total disability benefits of two war risk insurance policies issued to her deceased husband, Luther Gibbons. The question for decision is whether there was sufficient evidence of Gibbons' permanent and total disability while the policies were in effect to submit to the jury.

Gibbons was discharged from the military service on April 16, 1919, and on his return home suffered an attack described by the appellee as indigestion accompanied by nausea, vomiting, and stomachal pain. The evidence shows that he suffered similar attacks periodically thereafter until his death July 11, 1924. The appellee testified that he was not able to do manual labor on the farm for much of the time between his first attack and his death. He was, however, employed on a farm for wages and as a sharecropper for about two years between 1921 and 1924, and in the latter year worked for several months for a motor wheel company as a grader of lumber. When he first became ill on returning home he called in his family physician, Dr. Grimes, who treated him intermittently until his death. Dr. Grimes testified for the appellee. He did not know whether Gibbons' illness was caused by gallstones, ulcer of the stomach, or cholecystitis, an incurable disease, he thought probably cholecystitis, but he made no examination or tests by which he could find out. During the time he was treating Gibbons the latter underwent an operation for appendicitis and apparently had a complete recovery. Other medical testimony for the appellee shows that if Gibbons were suffering from stones in the gall bladder or gall duct, the trouble could have been remedied by surgery with comparative safety, and also, that if he were suffering from ulcer of the stomach, that condition might have been relieved or cured by dieting and medical treatment. It is as reasonable to infer from the appellee's evidence that Gibbons had an ulcerated stomach or stones in the gall bladder or gall duct, either of which is remediable, as that he was afflicted with cholecystitis. If he were afflicted with a remediable illness, it cannot, of course, be said that he was permanently and totally disabled. See United States v. Clapp, 2 Cir., 63 F.2d 793.

It was necessary to a submission of the case to the jury that the appellee introduce substantial evidence of a disability both total and permanent. United States v. Gwin, 6 Cir., 68 F.2d 124. Interpreting the evidence most favorably to her, the most that can be said for it is that it would support inferences that at times Gibbons was temporarily totally disabled and at other times was permanently partially disabled. This is not enough.

The judgment is reversed and the cause remanded for a new trial.