### UNITED STATES v. PHILLIPS.
### No. 7400.

Circuit Court of Appeals, Sixth Circuit.

Feb. 15, 1938.

F. Marbury, of Washington, D. C. (Horace Frierson, Jr., and A. O. Denning, both of Nashville, Tenn., Richard N. Ivins, of Chattanooga, Tenn., and Julius C. Martin, Wilbur C. Pickett, and Thomas E. Walsh, all of Washington, D. C., on the brief), for appellant.

A. H. Roberts, of Nashville, Tenn. (Roberts & Roberts and Harry G. Nichol, all of Nashville, Tenn., on the brief), for appellee.

Before HICKS, Circuit Judge, and HAMILTON and SWINFORD, District Judges.

SWINFORD, District Judge.

This is a war risk insurance case. There was a verdict and judgment for appellee. The appellant complains of but one error; that the trial judge should have directed a verdict for it on the ground that there was no substantial evidence of total permanent disability.

The veteran enlisted in the army on May 27, 1918, and served until discharged on May 29, 1919. He was severely wounded in France, returned to this country under hospitalization, and was discharged as unfit for military service by reason of his injuries. He returned to his home and after two weeks secured employment and continued to work until the trial in 1934. It was stated by counsel for appellee at the hearing before this court that he had continued to work since the trial and was working then. From the time of his discharge until the trial he earned $24,290. Of this, $20,690 had been earned as a deputy county court clerk and it was in this capacity that he was employed at the time of the trial, at a salary of approximately $167.50 per month. While there were severe wounds of his legs and arms, the record does not disclose that there was any substantial failure of function of any of these members.

In 1928 the veteran was found to have high blood pressure. A fleuroscopic examination in 1930 revealed a metallic foreign body in the arch of the aorta and a similar substance in the apex of one lung.

It was the opinion of the medical experts for both the appellant and appellee that the metal body in the aorta probably contributed to the high blood pressure. That it was dangerous for the appellee to work and that had they known this fact at the time of his discharge they would have advised against all work, either mental or physical.

We think the case falls within the rule stated in the case of United States. v. Spaulding, 293 U.S. 498, 505, 55 S.Ct. 273, 276, 79 L.Ed. 617: "It may not be assumed that occasional work for short periods by one generally disabled because of impairment. of mind or body does as a matter of law negative total permanent disability. But it is plain that work done may be such as conclusively to negative total permanent disability at an earlier time." There was testimony that in the opinion of the doctors Spaulding's work

was injurious to his health, but in holding that such testimony must yield to the facts the Supreme Court said: "The opinions of respondent's medical witnesses that work impaired his health and tended to shorten his life had no substantial bearing upon the question whether total disability while the policy was in force continued during the subsequent years. As against the facts directly and conclusively established, this opinion evidence furnishes no basis for opposing inferences."

As has been said by this court, the evidence does not support any reasonable inference that total permanent disability existed during the brief life of the policy. The record does not with any reasonable certainty indicate when total disability resulted. To permit the jury to fix impairment within the brief period of the life of the policy, out of a possible fifteen years, is to submit a factual issue to speculation and guess and not to reasonable inference. This state of the record coupled with a substantial work record, even though interrupted from time to time by physical breakdowns, is sufficient to deny recovery. United States v. Hodges, 6 Cir., 74 F.2d 617; United States v. Lyle et al., 6 Cir., 54 F.2d 357.

In United States v. Gibbons, 6 Cir., 93 F.2d 856, 857, decided January 4, 1938, this court restated the rule applicable to war risk insurance cases: "It was necessary to a submission of the case to the jury that the appellee introduce substantial evidence of a disability both, total and permanent. United States v. Gwin, 6 Cir., 68 F.2d 124. Interpreting the evidence most favorably to her, the most that can be said for it is that it would support inferences that at times Gibbons was temporarily totally disabled and at other times was permanently partially disabled. This is not enough."

The testimony of the appellee himself is that with the exception of three periods of about nine months each he had steadily been engaged for nearly fifteen years. The opinion of the doctors that had they known of the presence of the foreign substance in the wall of the heart they would have advised against work is based on the idea that work was harmful to him, but the actual facts contradict this opinion. The medical witnesses do not point out wherein the work which he did injured his health or aggravated his disability. His principal danger now is from high blood pressure, but this condition was not shown to exist until 1928.

High blood pressure might have resulted even though he had performed no work at all according to the weight of the medical testimony. Thus we have on the one hand the speculation that he would have been declared totally and permanently disabled prior to November 10, 1918, had the medical witnesses known of his true condition; and on the other hand the known fact that he worked almost continuously for nearly fifteen years. This is not a case of progressive disease proven to have existed before the lapse of the policy, and where the veteran worked because he had to even though contrary to medical advice. In such a case the court has well said that the veteran's case should be submitted to the jury. Carter v. United States, 4 Cir., 49 F.2d 221.

The fact that this veteran has worked fifteen years and that there is no proof that this contributed to his disability conclusively negatives total permanent disability prior to the lapse of the policy in 1919. Lumbra v. United States, 290 U.S. 551, 54 S.Ct. 272, 276, 78 L.Ed. 492.

To hold that a person who did the amount of work which appellee performed and had an earning capacity of $24,290 in fifteen years, was during the fifteen-year period totally disabled is to ignore an absolute fact. United States v. Alvord, 1 Cir., 66 F.2d 455.

In Lumbra v. United States, supra, the Supreme Court used the following language: "Petitioner, while claiming to be weak and ill and, contrary to the opinion and diagnoses of examining physicians, that he was really unable to work, did in fact do much work. For long periods amounting in the aggregate to more than five years out of the ten following the lapse of the policy he worked for substantial pay. No witness, lay or expert, testified to matters of fact or expressed opinion tending to support petitioner's claim that he had suffered 'total permanent disability' before his policy lapsed. Unless by construction these words are given a meaning far different from that they are ordinarily used and understood to convey, the evidence must be held not sufficient to support a verdict for petitioner. The trial court should have directed a verdict for the United States. Gunning v. Cooley, 281 U.S. 90, 93, 50 S.Ct. 231, 74 L.Ed. 720;

Stevens v. The White City, 285 U.S. 195, 204, 52 S.Ct. 347, 76 L.Ed. 699."

It is argued by counsel that while there is a considerable work record it was in an elective public office and of a political nature and falls within an exception as laid down in United States v. Blumenthal, 10 Cir., 77 F.2d 219, and United States v. Ingle, 9 Cir., 53 F.2d 52.

The record does not bear out this theory of the case, but discloses to the contrary that appellee had a high school education and performed the duties of a regular clerk for which a salary allowance was made by the county authorities. It is very likely that his connections and war record aided him in securing this employment, but there is nothing to indicate that he might not have secured the position without this particular circumstance. There are many employees in elective offices who do not have such a background. We may not assume that he would not have this or other remunerative employment except for his having been wounded in the service.

After a very close and considerate examination of the record, we are of the opinion that there was no substantial evidence to submit to the jury to support a claim of total permanent disability during the life of the policy and the trial judge should have directed the jury to find for the defendant. Slocum v. New York Life Insurance Co., 228 U.S. 364, 33 S.Ct. 523, 57 L.Ed. 879, Ann.Cas.1914D, 1029.

The judgment is reversed and cause remanded for a new trial.