## GIBSON et al. v. UNITED STATES.
### No. 1243.

District Court, E. D. Kentucky.
July 18, 1939.

C. R. Luker, of London, Ky., for plaintiffs.

John T. Metcalf, U. S. Dist. Atty., and Erle McGuffey, Atty. Department of Justice, both of Lexington, Ky., for defendant.

FORD, District Judge.

This is an action by the administratrix of Nute Gipson (Gibson), a veteran of the World War, to recover the benefits of two war risk insurance policies issued to the veteran during his period of service in the sum of $5,000 each. Haney Gipson, father of the deceased veteran and the beneficiary designated in the insurance policies, joins as plaintiff.

A stipulation filed by the parties shows that the deceased veteran entered the United States Army on May 25, 1918, and was honorably discharged on June 21, 1919. After his discharge no premiums were paid on his war risk insurance policies and they lapsed for non-payment of premium on July 31, 1919, unless prior to that date the veteran was totally and permanently disabled or the policies were kept alive until his death by virtue of sections 305 or 309 of the World War Veterans' Act, 38 U.S.C.A. §§ 516, 516b. The stipulation shows further that the veteran died of "lobar pneumonia" on December 25, 1930.

The case is submitted to the Court for judgment on the law and the facts without the intervention of a jury. The proof in the case falls far short of showing that prior to the lapse of the policies on July 31, 1919, the deceased veteran was totally and permanently disabled and the claim asserted upon that basis must be denied. Lumbra v. United States, 290 U.S. 551, 54 S.Ct. 272, 78 L.Ed. 492; Miller v. United States, 294 U.S. 435, 55 S.Ct. 440, 79 L.Ed. 977; United States v. Sumner, 6 Cir., 69 F.2d 770; United States v. Reeves, 6 Cir., 75 F.2d 368; United States v. Middleton, 6 Cir., 81 F.2d 205.

The plaintiffs filed an amended petition alleging that after the death of the veteran his administratrix collected from the Government $820.55 as adjusted service compensation, which was due the veteran during his lifetime, and that the veteran had previously collected $205.45, which is shown to have been a loan made to the veteran on his adjusted service certificate, and asserts that under the provisions of sections 305 and 309 of the World War Veterans' Act these amounts due the veteran and not collected during his lifetime should have been credited to his insurance premium due on the lapsed policies and if so applied would have kept them alive until his death.

Section 305 of the World War Veterans' Act, 38 U.S.C.A. § 516, relates only to compensation which was due the veteran for "compensable disability". It gives the Government no authority to revive or keep alive lapsed policies by the use of compensation due the veteran as a "bonus" or "adjusted compensation" awarded for war service irrespective of disability. Section 309 of the Act, 38 U.S.C.A. § 516b, authorizes the application to unpaid premiums only an uncollected $60 bonus, provided by the Act of February 24, 1919, 40 Stat. 1151, in cases where the veteran died prior to the collection of this special bonus.

Obviously, the collections referred to in the amended petition, shown to be in the amount of $820.55 as adjusted service compensation and $205.45 as a loan on the veteran's bonus certificate, are not that character of compensation available to keep the war risk insurance alive under the provisions of the Statutes. Hence, the defendant's motion to strike the allegations of the amended petition in reference to these collections should be sustained.

Let findings of fact and conclusions of law and judgment in conformity herewith be submitted for entry.