## POOLE v. UNITED STATES.
### No. 3464.

Circuit Court of Appeals, Fourth Circuit.
June 15, 1933.

Lee Overman Gregory, of Salisbury, N. C., for appellant.

J. R. McCrary, U. S. Atty., of Greensboro, N. C., and Wilbur C. Pickett, of Washington, D. C., Atty., Veterans' Administration (Davis G. Arnold and John Mock, both of Washington, D. C., Attys., Veterans' Administration, on the brief), for the United States.

Before PARKER and SOPER, Circuit Judges, and ERNEST F. COCHRAN, District Judge.

### PER CURIAM.

This is an appeal in a war risk insurance case. Jury trial was waived, and the case was heard by the District Judge without a jury. The judge found that the plaintiff, at the time that his policy lapsed for nonpayment of premiums in 1919, had a mental impairment diagnosed at various times as dementia præcox; that plaintiff was in such a mental state from the date of his discharge until October, 1924, that he was mentally incapable of following continuously any substantially gainful occupation; that from October, 1924, through the year 1929 he worked regularly at his occupation of drill press operator in the shops of the Southern Railway Company, receiving wages in the total sum of $5,886.63 during this period; that plaintiff has been permanently disabled since his discharge, suffering from dementia præcox of the paranoid type, and that at times the disability has been total, but that it has not been both total and permanent since his discharge and while the insurance was in force. Upon these findings, it was held that plaintiff was not entitled to recover.

We think that the findings support the judgment in favor of the government; and a careful examination of the record convinces us that the findings are supported by the evidence. It was shown that plaintiff was suffering from dementia præcox; but it was shown also that, where a patient suffering from this disease is able to adjust himself to his surroundings, light work not involving responsibility is not harmful to his condition but helpful. While plaintiff's condition was so bad between 1919 and 1924 that he was obliged to spend two periods of one year each in government hospitals, he was much improved in 1924, and for the following five-year period worked continuously at his regular occupation. In 1927 the guardian who had been appointed for his affairs in 1920 was discharged; and in 1928 he was rated by the government physician who had had him under observation from time to time as being only 35 per cent. disabled. During the six-year period from 1919 to 1924, inclusive, he earned wages of $3,420.29, or an average of more than $500 per year, notwithstanding his two trips to the hospital. From 1925 to 1929, inclusive, when he was working continuously, he earned $5,636.63, or an average of more than $1,100 per year. Certainly, in the light of this evidence, it cannot be said that he was totally and permanently disabled within any fair meaning of the policy. U. S. v. Harrison (C. C. A. 4th) 49 F.(2d) 227; U. S. v. Diehl (C. C. A. 4th) 62 F.(2d) 343; U. S. v. Lyle (C. C. A. 6th) 54 F.(2d) 357; U. S. v. Pullig (C. C. A. 8th) 63 F.(2d) 379.

The judgment of the court below will be affirmed.

Affirmed.