486

## UNITED STATES v. ADAMS.
### No. 991.

Circuit Court of Appeals, Tenth Circuit.
April 23, 1934.

Randolph C. Shaw, Sp. Asst. to Atty. Gen. (W. F. Rampendahl, U. S. Atty., and Philas S. Jones, Asst. U. S. Atty., both of Muskogee, Okl., and Will G. Beardslee and Wilbur C. Pickett, Sp. Assts. to Atty. Gen., on the brief), for the United States.

C. T. Bennett, of Poteau, Okl. (James Babb, of Poteau, Okl., on the brief), for appellee.

Before PHILLIPS and McDERMOTT, Circuit Judges, and KENNEDY, District Judge.

KENNEDY, District Judge.

The appellee, plaintiff in the court below, sued to recover upon a war risk insurance policy of $10,000, alleging total and permanent disability by reason of insanity. The case was tried to the court without the intervention of a jury by stipulation, and at the close of all the evidence motions were interposed by plaintiff and defendants each for a favorable judgment. The court took the case under advisement and subsequently overruled the motion of the defendant, sustained the motion of the plaintiff, made findings of fact and conclusions of law and entered judgment in plaintiff's favor. Appropriate ex-

ceptions were reserved by the defendant and an appeal brings the case here.

The point presented by the appellant is based upon the contention that the evidence tends to show the asserted disability of the insured occurred before the issuance of the policy and that in consequence there was no maturing of the policy while it was in force and effect. This point has been considered in a number of cases, among them Hicks v. United States (C. C. A.) 65 F.(2d) 517 and United States v. Stevens (C. C. A.) 64 F.(2d) 853. We think it unnecessary, however, in the case at bar to consider the logic or legal soundness of these decisions, for the reason that there is substantial evidence tending to show that there was no abnormality in the mental condition of the insured before the issuance of the policy. Two witnesses offered testimony to the effect that the insured was a hard working and industrious man before he entered the service. This satisfies the requirement in regard to the rule of substantial evidence so as to justify a conclusion that whatever challenged disability he suffered came about during the life of the policy.

The only other point in the case is, as to whether there is substantial evidence to sustain the finding of the trial court that the plaintiff became totally and permanently disabled during the time that his policy was in force and effect. The jurisdictional disagreement is stipulated. The plaintiff enlisted in the service on September 6, 1918, and was discharged February 5, 1919. The policy with grace allowance would have expired on account of nonpayment of premiums on April 1, 1919, unless the policy matured on account of total and permanent disability before the latter date.

The first direct evidence of his mental disorder is found in the testimony of one Walter Taylor, who was with the insured in the service. This witness testified that the insured had a mental illusion on or about November 1, 1918, at Fort Logan, Tex., which took the form of the insured complaining that he had been hooked by a Kansas longhorn, while as a matter of fact there was no such animal in the vicinity, nor was the insured intoxicated at the time the statement was made. A comparatively short time thereafter the plaintiff was discharged from the service and after returning home he immediately commenced to act queerly and perform stunts, such as drilling with a broom handle manipulated as a gun, and claiming to have seen wild animals on adjacent mountains where he must have known through his familiarity with the locality there were none. Other wit-

nesses testified as to the peculiarities in his conversation a few days after his return. Dr. Miner, the family physician, saw him four or five months after his return and noticed a marked difference in his physical and mental condition, although he did not then diagnose the case as one of insanity. Dr. Adams, superintendent of the Vinita Hospital for the Insane, testified that the insured entered that institution on September 2, 1926, and left it April 29, 1930, on furlough and that he had not since returned. He diagnosed the insured's case as one of dementia præcox, of the catatonia type. The government admits that at the time of the trial which took place on December 8, 1932, the insured was totally and permanently disabled and that he had been so rated for compensation purposes since April 4, 1927. There is likewise evidence to the effect that a person might be afflicted with this type of disease in a latent or undeveloped form for a considerable period of time and that only excitement with the subject living under strenuous and confused conditions would develop the disease into such aggravated form as to bring about a definite condition of insanity. One of the physicians testified that a person suffering from such a disease might perform certain kinds of work even of a manual character, but that it must be done under strict supervision and control. The record discloses that the insured did some work in 1921, 1922, 1924, and 1925, although this work record is in no sense sufficient to show that the employment was continuous or at a substantial wage.

The government strongly relies upon a number of cases in which the same character of disease was involved, resulting in reversals. In United States v. Cochran, 63 F.(2d) 61 (C. C. A. 10), there was no evidence for a considerable length of time after the policy lapsed that the insured showed signs of insanity. In Poole v. United States, 65 F. (2d) 795 (C. C. A. 4), there was evidence that the insured was continuously engaged in substantial employment averaging an income of more than $500 per year from 1919 to 1924, and more than $1,100 from 1925 to 1929. In Cunningham v. United States, 67 F.(2d) 714 (C. C. A. 5), it was held that there was no proof of a disabled condition between the military service in 1917 and the admitted insanity occurring in 1920, and that so long an interval was not sufficiently bridged by the evidence.

In the case at bar there is substantial evidence, if believed by the trial court, that the abnormal mental condition of the insured began while he was in the service and extended throughout the entire period up to the time of the trial and that his work record was intermittent, with wages inadequate. The requirements of total and permanent disability under the accepted definition are therefore met by the proofs.

The judgment is affirmed.