**KNAPP v. UNITED STATES.**

**No. 7025.**

Circuit Court of Appeals, Seventh Circuit.

Feb. 24, 1940.

Julius C. Martin, Wilbur C. Pickett, and Young M. Smith, all of Washington, D. C., Arthur Roe, of Vandalia, Ill., and Carl W. Feickert, of East St. Louis, Ill., for the United States.

Eugene Bland, of Shelbyville, Ill., and Edwin F. Meister, of Tuscola, Ill., for appellee.

Before SPARKS, TREANOR, and KERNER, Circuit Judges.

KERNER, Circuit Judge.

This is an appeal from a judgment based upon the findings of the trial judge that Shulf Black, a distracted person, was permanently and totally disabled from January 15, 1921.

Black was granted war risk yearly renewable term insurance payable in the event of death or total permanent disability occurring while the contract was in force. He entered the service on September 19, 1917; on September 21, 1917, he was examined at Camp Taylor, Kentucky, and found physically qualified for military service. He went overseas on May 10, 1918, participated in active military engagements, and on October 10, 1918, was exposed to mustard gas which irritated his eyes and caused pain in his chest. These conditions were diagnosed as acute catarrhal conjunctivitis and acute catarrhal bronchitis. He received treatment and hospital care in Southern France until March 24, 1919; thereafter he was transferred to Camp Grant, Illinois, and discharged April 9, 1919.

The premiums on the policy were paid up to and including the month of April 1919. He was entitled to unpaid compensation under the provision of § 305 of the World War Veterans' Act, as amended, 38 U.S.C. A. § 516, up to January 15, 1921, in a sufficient amount to revive his policy if he became totally and permanently disabled on or before January 15, 1921.

Appellee filed the complaint in this action on June 6, 1936, in which he sought to recover on the policy for a total permanent disability which he alleges occurred to Black on October 10, 1918, as a result of mental fatigue, dementia praecox insanity, mental deficiency, chronic active tuberculosis, lung trouble, nervousness, shortness of breath, anemic condition, general weakness and general breakdown resulting from the effects of gas, shell shock and exposure.

The appellant by its answer admitted the issuance and delivery of the policy, but denied that Black became totally and permanently disabled during the life of the insurance contract.

The cause was submitted to the court for trial without a jury. It determined the issues in favor of the appellee, entered a finding that Black was, on January 15, 1921, and at all times subsequent thereto, totally and permanently disabled, and rendered judgment that Black was suffering an impairment of body and mind which rendered it impossible for him to follow continuously any substantially gainful occupation and that such impairment rendered it reasonably certain that it would continue throughout his life. To reverse that judgment appellant now prosecutes this appeal.

On this appeal counsel for appellant admits that in August of 1923 Black became permanently and totally disabled; we shall therefore confine our recital of the facts prior thereto.

Black at the time of his enlistment had been employed on a farm as a laborer. He was in good health and was a dependable worker. For one year after his discharge from military service he was unable to work, then in 1920 for about six months he again worked on a farm, but was unable to

perform heavy work, was forgetful, had difficulty carrying on a conversation and frequently stood and stared into space. Since 1920 he has not been employed.

In July of 1920 he was treated by a physician for general breakdown, mental·derangement with loss of orientation, and tuberculosis. This treatment was continued until he entered a sanatorium on December 11, 1920. He returned to his home from the sanatorium in 1922; he was again under the care of the physician who found him very weak and mentally deranged; and he remained in this condition until he was confined for dementia praecox at the Illinois State Hospital for the Insane, at Kankakee, Illinois, on September 19, 1923.

On October 31, 1920, Black was examined by a government physician who advised hospitalization, and on December 11, 1920 he entered the Palmer Tuberculosis Sanatorium; there he was treated for active, moderately advanced chronic pulmonary tuberculosis until December 27, 1921. He re-entered the sanatorium on April 29, ·1922, and remained until July 20, 1923.

Dr. George F. Palmer testified that he examined and spoke to Black on numerous occasions during the twenty-seven months he was under treatment in the Palmer Tuberculosis Sanatorium, and that during that period Black had no mental disability.

Dr. Dudley T. Dawson, a neuropsychiatrist, who had given Black a complete neuropsychiatric examination, testified that his diagnosis showed that Black was suffering with dementia praecox, hebephrenic type, and in answer to a hypothetical question stated that the mental disease was manifest soon after Black's return from the army in 1919.

Dr. Henry E. Randolph, a neuropsychiatrist, gave it as his opinion that Black had a mental upset in July of 1920 and that the dementia praecox had its inception in 1923; that patients suffering with a mild, simple dementia praecox frequently work at manual labor; that it is a progressive disease; and that Black became incapable for·work in 1923. In this Dr. Randolph was corroborated by Dr. Groves B. Smith.

■■ The question of law we are asked to decide is whether the finding of the trial court was based upon substantial evidence. We are not the triers of fact, but merely reviewers of the action of the triers and limited in our investigation to an ascertainment of·the existence of substantial evidence sufficient to support the finding, Goble v. United States, 7 Cir., .94 F.2d 275, and in the consideration of this question we must assume as established all the facts that the evidence reasonably tends to prove, Lumbra v. United States, 290 U.S. 551, 553, 54 S.Ct. 272, 78 L.Ed. 492; United States v. Tyrakowski, 7 Cir., 50 F.2d 766, 771, and the finding should not be set aside unless clearly erroneous, Rules of Civil Procedure, Rule 52, 28 U.S.C.A. ·following § 723c.

■■ In the instant case it was incumbent upon the appellee to establish by substantial evidence that Black had prior to the lapse of his policy suffered such an impairment of mind or body which rendered it impossible for him to follow continuously any substantially gainful occupation, rendering it reasonably certain that such impairment would continue through his life, Lumbra v. United States, supra, 290 U.S. page 558, 54 S.Ct. 272, 78 L.Ed. 492, and United States v. Spaulding, 293 U.S. 498, 504, 55 S.Ct. 273, 79 L.Ed. 617. The phrase "total and permanent disability" does not mean that the party must be unable to do anything whatever, that is, lie abed or sit in a chair and be cared for by others, United States v. Phillips, 8 Cir., 44 F.2d 689, 691, and United States v. Higbee, 10 Cir., 72 F.2d 773; nor does it mean that there must be proof of absolute incapacity to do any work at all, United States v. Sligh, 9 Cir., 31 F.2d 735, 736.

In our case counsel for appellant, while conceding that Black has been totally disabled since January 15, 1921, insists that he did not become permanently totally disabled until after the insurance contract had lapsed.

■ There was testimony that in 1920 Black was forgetful, had difficulty carrying on a conversation and frequently stood and stared into space; that in July of 1920 he had a mental upset and was treated by a physician for mental derangement; and that in September of 1923 he was confined in an insane asylum for dementia praecox. Here, as in United States v. Warren, 8 Cir., 97 F.2d 722, it is conceded that dementia praecox is a progressive disease, and here, as in Gray v. United States, 8 Cir., 76 F.2d 233, it was proved that dementia praecox steadily encroached upon Black's mind and destroyed it, ultimately rendering him totally and permanently disabled. Just when the line was crossed between the temporary total disability and

the permanent total disability was a question for the trial court to decide upon consideration of all the testimony. Gray v. United States, supra, 76 F.2d page 234 and United States v. Warren, supra, 97 F.2d page 724.

From the evidence in this case the trial court was justified in finding that Black was in July 1920 suffering from a mental ailment which became permanent in character on or before January 15, 1921, and as this court said in Tieben v. United States, 7 Cir., 96 F.2d 907, 909: "Whatever doubt there might have been at that time concerning its permanency was dispelled by its subsequent progress and final determination."

The judgment is affirmed.

Affirmed.