UNITED STATES v. SMITH.
No. 9563.

Circuit Court of Appeals, Ninth Circuit.

Feb. 15, 1941.

MATHEWS, Circuit Judge, dissenting.

Carl C. Donaugh, U. S. Atty., of Portland, Or., and Julius C. Martin, Director, Bureau of War Risk Litigation, Wilbur C. Pickett, Sp. Asst. to Atty. Gen., and Thomas E. Walsh, Atty., Dept. of Justice, all of Washington, D. C., for appellant.

Allan A. Bynon, of Portland, Or., for appellee.

Before DENMAN, MATHEWS, and HEALY, Circuit Judges.

HEALY, Circuit Judge.

The suit is on a policy of war risk insurance issued to appellee's ward, insuring against death or total permanent disability occurring during the life of the policy. 38 U.S.C.A. § 445. The trial below resulted in a verdict and judgment against the United States.

The insurance lapsed for nonpayment of premiums on December 31, 1919, unless on or prior to that date the insured became totally and permanently disabled within the meaning of the statute. The

government's main contention on the appeal is there was no substantial proof of total and permanent disability prior to the date mentioned.[1]

Confessedly the insured has been so disabled since May 4, 1921, when he was committed to an asylum as a sufferer from dementia praccox. And there is evidence, including persuasive medical testimony, from which it is inferable that the insured was afflicted with the incurable malady as early as November, 1919—at or shortly after his discharge from the service. Counsel for the government argue, however, that as of that time the evidence tends to prove no more than a predisposition to insanity, and that despite his mental condition the insured was not shown to be totally disabled prior to his ultimate breakdown and confinement in May, 1921. In support of this view counsel point to the insured's work record during 1920.

■■ We do not agree. As has already been said there is testimony warranting the belief that the insured was in fact insane from late 1919 forward although the true nature of the disease was not recognized at the outset. The insured did a substantial amount of work between March, 1920, and April, 1921, but if we consider—as we must—the evidence most favorable to appellee there were frequent periods of enforced idleness attributable to illness. The jury were entitled to infer that the insured, in an earnest attempt to avoid becoming a burden on others, labored when he was unable to do so, thus injuring his health and aggravating his infirmity. Cf. United States v. Holland, 9 Cir., 111 F.2d 949, 953; Lumbra v. United States, 290 U.S. 551, 558, 54 S.Ct. 272, 78 L.Ed. 492. Compare the following, all cases involving mental illness, Oyler v. United States, 10 Cir., 98 F.2d 862, 868; United States v. Pritchard, 10 Cir., 95 F.2d 619; Knapp v. United States, 7 Cir., 110 F.2d 420; Rackoff v. United States, 2 Cir., 74 F.2d 720, 722. It is enough to observe, without further detailing the evidence, that the showing here made relative to work done does not conclude the question of disability. The question was for the jury.

■ The government contends that there was error in permitting a Dr. Thorek,

a witness for appellee, to refresh his memory from a letter written by him on February 15, 1922, relative to an examination of the insured which he made on February 8, 1920. This letter the court ordered produced from the files of the Veterans' Administration.

There was no error in this respect. An Oregon statute provides: "A witness is allowed to refresh his memory, respecting a fact, by anything written by himself, or under his direction, at the time when the fact occurred or immediately thereafter, or at any other time when the fact was fresh in his memory, and he knew that the same was correctly stated in the writing; but in either case the writing must be produced, and may be inspected by the adverse party, who may, if he choose, cross-examine the witness upon it, and may read it to the jury. So, also, a witness may testify from such a writing, though he retain no recollection of the particular facts; but such evidence shall be received with caution." Oregon Code (1930), § 9-1907. See also, Rule 43(a), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. Here, at the time the witness wrote the letter he had in his possession all the records relative to the case, whereas, at the time of the trial, these records were no longer available. While the letter was written some two years after the date of the examination, it is not unbelievable that the facts were fresh in the doctor's memory at the time he wrote it.

■ Since it was proper to use the letter to refresh the memory of the witness, it is plain that no error was committed in requiring the government to produce it for that purpose. Rule 34, Federal Rules of Civil Procedure.

Affirmed.

MATHEWS, Circuit Judge (dissenting).

This was an action on a contract of war risk term insurance issued to appellee's ward, Guy L. Smith, in 1918, pursuant to article 4, §§ 400–405, of the Act of September 2, 1914, c. 293, 38 Stat. 711, as amended by § 2 of the Act of October 6, 1917, c. 105, 40 Stat. 398. Thereby Smith was insured against death or total permanent

---

[1] Treasury Decision No. 20, promulgated March 9, 1918, pursuant to authority conferred by the statute, 40 Stat. 409, reads in part as follows: "Any impairment of mind or body which renders it impossible for the disabled person to follow continuously any substantially gainful occupation shall be deemed * * * to be total disability."

disability occurring during the life of the contract.

The contract lapsed for nonpayment of premiums on December 31, 1919, unless, on or before that date, Smith became totally and permanently disabled. There is evidence that Smith became partially disabled before December 31, 1919, and that his then partial disability eventually became total, but there is no evidence that it became total on or before December 31, 1919. On the contrary, the evidence shows that it did not become total until 1921.

The judgment should be reversed.