## TYRAKOSKI v. UNITED STATES.
### No. 7435.

Circuit Court of Appeals, Seventh Circuit.
April 18, 1941.

John R. Sullivan, of Chicago, Ill., for appellant.

Fendall Marbury, Sp. Asst. to Atty. Gen., for appellee.

Before SPARKS, and KERNER, Circuit Judges, and LINDLEY, District Judge.

KERNER, Circuit Judge.

Plaintiff sued to recover on a policy of war risk insurance alleging that he became totally and permanently disabled prior to July 3, 1919 while his policy was in force and effect. Trial was had before the District Court and a jury. At the close of all the evidence, the trial court directed a verdict in defendant's favor and rendered judgment for costs against the plaintiff. To reverse the judgment plaintiff appeals.

The question presented is whether the evidence was such as to justify the court's ruling. In considering the question we must assume as established all the facts that the evidence supporting plaintiff's claim reasonably tends to prove, and we must draw in his favor all the inferences fairly deducible from such facts. Lumbra v. United States, 290 U.S. 551, 54 S.Ct. 272, 78 L.Ed. 492, and Berry v. United States, 61 S.Ct. 637, 85 L.Ed. ——, decided by the Supreme Court on March 3, 1941.

In our case there was testimony from which a jury could have found that plaintiff, 18 years of age and in good health, entered the service of the United States Army on May 3, 1917, and served therein to July 3, 1919. During August 1918, at the battle of Chateau Thierry, he was exposed to a gas attack and on the morning of October 8, at St. Mihiel, he was again gassed and sent to a field hospital, where he suffered additional injuries when it was bombed. Thereafter he was moved to and remained at a base hospital for some five months. During his stay at the base hospital he coughed, expectorated blood and was unable to retain his food. In June, 1919, he embarked for the United States and was honorably discharged from the service on July 3, 1919, still coughing and expectorating blood. He retired to his home and for seven months thereafter performed no work. During this period he was under the care of a physician. In March, 1920, he entered and remained for four months in the Oak Forest Tuberculosis Hospital, the physical examination disclosing that his right lung was impaired, chronic tuberculosis suspected, and complete rest recommended. While at this hospital he experienced night sweats and chills and continued to cough and expectorate blood.

In July, 1920, he was taken to a hospital at Traverse City, Michigan. In June, 1921, he was taken to Whitewater, Wisconsin and shortly thereafter lived with his people, assisting in the light chores upon the farm. In 1925 he moved to Chicago and between 1925 and the time of the trial, March 20, 1940, he continued to cough and occasionally expectorate blood, was under the care of physicians, and able to work but part of the time.

One physician diagnosed his ailment as chronic tuberculosis and another, specializing in diseases of the chest, testified that plaintiff coughed persistently and expectorated blood, was afflicted with tuberculosis, could not work and was not "physically able to carry on," while both were of the opinion that his condition was permanent.

In an action of this character the plaintiff must show that his disability was of such a character that he was incapable of pursuing with reasonable regularity any substantially gainful occupation and that this disability was of a permanent character. However, in the consideration of this

question, it is not necessary that the plaintiff be bed-ridden, wholly helpless, or that he should abandon every possible effort to work in order for the jury to find that he was totally and permanently disabled. Berry v. United States, supra.

Taking the evidence as a whole, it is clear that a jury could fairly have reached the conclusion that plaintiff, since his injuries, has not been able to work with any reasonable degree of regularity at any substantially gainful employment. Under such circumstances, the exclusive power to weigh the evidence and determine contested issues of fact being lodged with the jury, the trial court erred in directing a verdict for the defendant. Berry v. United States, supra, and Adams v. United States, 7 Cir., 116 F.2d 199.

The judgment of the District Court is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

Remanded and reversed.