## DYE v. UNITED STATES.

### No. 2340.

Circuit Court of Appeals, Tenth Circuit.

Oct. 29, 1941.

J. J. Bruce and H. McK. Rowan, both of Oklahoma City, Okl., for appellant.

Thomas E. Walsh, of Washington, D. C. (Julius C. Martin, of Washington, D. C., Director, Bureau of War Risk Litigation, Cleon A. Summers, U. S. Atty., and William H. Landram, Asst. U. S. Atty., both of Muskogee, Okl., and Charles L. Chalender, of Kansas City, Mo., Atty., Department of Justice, on the brief), for appellee.

Before PHILLIPS, MURRAH, and WILLIAMS, Circuit Judges.

MURRAH, Circuit Judge.

The trial court denied recovery on this suit by the appellant, as administratrix of the estate of Jerry M. Booker, for the proceeds of a world war risk insurance policy. The insurance contract was issued to Jerry M. Booker while he was in the military service of the United States and lapsed for non-payment of premiums on April 1, 1919, unless he was totally and permanently disabled as defined by the terms of the policy on that date. By agreement the case was tried to the court without a jury, resulting in a finding that Booker was not totally and permanently disabled on April 1, 1919, within the terms of the policy.

The sole question presented is whether or not there is any substantial evidence to support the findings of the trial court.

It is now elemental that one claiming total permanent disability under

provisions of a war risk insurance policy has the burden to prove that while the policy was in full force and effect he suffered an impairment of mind or body, which continually renders it impossible for him to follow any substantially gainful occupation, and which is founded upon conditions which render it reasonably certain that it will continue throughout the life of the insured. United States v. Smith, 9 Cir., 117 F.2d 911; Adams v. United States, 7 Cir., 116 F.2d 199; United States v. Atchley, 10 Cir., 116 F.2d 266, and Tyrakoski v. United States, 7 Cir., 119 F.2d 339. To meet that burden it is not necessary that insured be bedridden, wholly helpless, or that he should abandon every possible effort to work. Temporary or spasmodic periods of work do not necessarily negative total permanent disability. Berry v. United States, 312 U.S. 450, 61 S.Ct. 637, 85 L.Ed. 945 and Lumbra v. United States, 290 U.S. 551, 54 S.Ct. 272, 78 L.Ed. 492. Likewise, temporary total disability does not constitute permanent total disability, and total permanent disability, established after the lapsing of the policy is not conclusive of total permanent disability while the policy was in force and effect, and can only be considered as evidence thereof. Miller v. United States, 294 U.S. 435, 440, 55 S.Ct. 440, 442, 79 L. Ed. 977; Thatenhorst v. United States, 10 Cir., 119 F.2d 567, and Hoskins v. United States, 5 Cir., 100 F.2d 343.

■ It is equally well settled that this court is not warranted in overturning the findings of fact of the trial court if there is any substantial evidence in the record to support them. Gray v. United States, 8 Cir., 109 F.2d 728; United States v. Fitzpatrick, 10 Cir., 62 F.2d 562; Storey v. United States, 10 Cir., 60 F.2d 484; United States v. Peet, 10 Cir., 59 F.2d 728, and United States v. Phillips, 8 Cir., 44 F.2d 689.

A brief review of the evidence reveals that the insured, Jerry M. Booker, was inducted into the military service of the United States on August 1, 1918. While in France he entered a base hospital on October 7, 1918, complaining of pain all over, chill, fever, and a cough. His condition was diagnosed pneumonia, with mastoid complications. A mastoidectomy was performed and he was released from the hospital on December 12, 1918; the official hospital records showing "chest clear and no cough to mention." He was honorably discharged from the service on March 21, 1919, and no physical or mental defects were noted at that time. He immediately returned to his home at Boley, Oklahoma, where he made his home with one Evans Brown. The evidence is not clear as to the exact date, but soon after his return he was treated by his family physician, Dr. Paxton, for "complications of his liver, lungs, possibly his spinal system". The doctor, after repeated visits, suspected tuberculosis, so advised him and suggested that he secure hospitalization. He refused hospitalization and the testimony indicates he did light farm work, chopped wood, and served as general house boy for families in Okemah, Oklahoma. He continued to run a temperature, complained of night sweats, coughing, and body pains. The doctor explained the seriousness of tuberculosis and advised him that rest, proper food, and fresh air were the proper treatment and that he should enter a hospital.

About two years after his discharge he entered the University Hospital at Oklahoma City for a short time. Soon thereafter, and in September, 1923, he entered the Veteran's Hospital at Muskogee, Oklahoma, where he died on April 14, 1924. His death was caused by pulmonary tuberculosis.

It is manifest, and the trial court found, that the insured was suffering from pulmonary tuberculosis at the time of his discharge from the military service. The trial court further found that the insured refused to heed the advice of his physician or to receive hospitalization or treatment.

■ It is well established that pulmonary tuberculosis may be the cause of permanent and total disability, but it is not always an incurable disease with proper care and treatment, and it must be conceded that persons afflicted with pulmonary tuberculosis often do regain their health and pursue gainful occupations or they may pursue gainful occupation without impairment of health while afflicted by the disease. The courts have uniformly recognized and applied this rule in the consideration of war risk insurance cases. Falbo v. United States, 9 Cir., 64 F.2d 948; Nicolay v. United States, 10 Cir., 51 F.2d 170; United States v. Rentfrow, 10 Cir., 60 F. 2d 488; United States v. McShane, 10 Cir., 70 F.2d 991; Harper v. United States, 10 Cir., 98 F.2d 885; Eggen v. United States, 8 Cir., 58 F.2d 616; United States v. Bryan, 5 Cir., 82 F.2d 784; United States v.

Hammond, 5 Cir., 87 F.2d 226; United States v. Walker, 5 Cir., 77 F.2d 415; United States v. Brewer, 5 Cir., 97 F.2d 899; United States v. McRae, 4 Cir., 77 F.2d 88; United States v. Baker, 4 Cir., 73 F.2d 455; Robinson v. United States, 2 Cir., 87 F.2d 343; Mason v. United States, 2 Cir., 63 F.2d 791; United States v. Middleton, 6 Cir., 81 F.2d 205.

It may be assumed that the evidence is entirely sufficient in this case to support a judgment of total permanent disability while the policy was in full force and effect on April 1, 1919. It is, also, clear that the trial court, as the trier of the facts, was warranted in finding that the insured did not become totally and permanently disabled before April 1, 1919. The findings of the trial court, supported by the record, are based upon his refusal to accept hospitalization and treatment, and upon his own application for compensation, which he made in May, 1923, wherein he described his disability as tubercular rheumatism, which he stated began in December, 1922. In his application he stated he had worked for numerous parties and was working at that time, naming his employer.

Without more, it is clear that the findings of the trial court are supported by substantial evidence and we cannot disturb it. Adams v. United States, supra, and Thatenhorst v. United States, supra.

The judgment of the trial court should be, and is affirmed.