**UNITED STATES v. PROTSCH et al.**
**No. 2656.**

Circuit Court of Appeals, Tenth Circuit.
June 21, 1943.

Keith L. Seegmiller, Department of Justice, of Washington, D. C. (George H. West, U. S. Atty., of Topeka, Kan., Francis M. Shea, Asst. Atty. Gen., Lester P. Schoene, Director, Bureau of War Risk Litigation, of Washington, D. C., Wilbur C. Pickett, Sp. Asst. to the Atty. Gen., and Charles L. Chalender, Department of Justice, of Springfield, Mo., on the brief), for appellant.

Robert E. Russell, of Topeka, Kan. (Clayton E. Kline, M. F. Cosgrove, Balfour S. Jeffrey, and C. A. Magaw, all of Topeka, Kan., and Harry Frazee of Little Rock, Ark., on the brief), for appellees.

Before BRATTON, HUXMAN, and MURRAH, Circuit Judges.

MURRAH, Circuit Judge.

This is a suit by the beneficiary to recover the face amount of a world war risk insurance policy, issued by the Government on the life of a veteran, Jack Kall Meinertz. The policy was issued on June 1, 1927, and lapsed for nonpayment of premiums on November 18, 1930, unless the insured became totally and permanently disabled on or before that date. The insured died on February 3, 1932, without claiming any benefits under the policy, and the right to recover on the policy is based on the contention that the insured became totally and permanently disabled within the terms of the insurance contract while it was in full force and effect.

Upon a trial of the case without a jury, the court found that the insured veteran became totally and permanently disabled within the terms of the insurance contract on or before September 1, 1929, before the policy lapsed for nonpayment of premiums on November 18, 1930, and accordingly gave judgment for the amount of the policy. The Government has appealed, contending that the judgment is clearly erroneous because not supported by any evidence of probative value. See Rule 52(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. On appeal, it is conceded that if the insured became totally and permanently disabled, as those terms are defined in the insurance contract, at any time before November 18, 1930 (the date on which the policy lapsed for nonpayment of premiums, unless he was totally and permanently disabled on or before that date), the beneficiary is entitled to recover, and the judgment of the trial court should be sustained. The sole question therefore is whether the judgment of the trial court is clearly erroneous because not supported by any substantial evidence.

From the whole record, the following facts are fairly clear: The insured, Jack Kall Meinertz, owned and operated a battery shop in Lawrence, Kansas, from 1920 until the early part of 1929. For some time prior to the sale of the business, the insured appeared to be afflicted with a bowel disorder; he became weak, emaciated, irritable, and evidenced inability to sit otherwise than in a reclining position. The evidence tended to show that prior to 1929 he became very thin, had a bad color, and on one occasion during his initiation into a World War veterans organization he was slapped on the buttocks with a paddle, at which time he demonstrated great and excruciating pain, threw off the blindfold and went into a fit or rage. Soon after the insured sold his battery shop in 1929, he took over the battery and tire department of the Lawrence Buick Company at Lawrence, Kansas. He had charge of the tires and batteries and tried to, but "had trouble getting along, and he couldn't handle the batteries and tires so he got a boy to help him. * * *" He complained of his stomach, and would work for a week and lay off a day. He took patent medicines during all of that time, and one witness testified that he went to the toilet at least a dozen times a day. He appeared to have lost from twenty to thirty pounds between 1922 and 1929.

The insured discontinued his employment with the Buick Company in September, 1929. After being unemployed for a few months, he commenced selling life insurance in the Spring of 1930. During this time, his face was drawn, he experienced difficulty in breathing upon slight exertion, and was "obviously ill". In November or December, 1930, he commenced selling land in the Rio Grande Valley, and continued in that employment until April, 1931. In the performance of his duties in that respect, he was required to ac-

company prospective customers on the train from Kansas to the Rio Grande Valley. During this period, he carried with him an inflated tire tube on which he sat. Each of these trips covered a period of approximately five days, and he conducted three or four of them between December, 1930 and April, 1931. During the summer of 1931, he remained at his home most of the time, where he would lie on a couch or daybed, and from August, 1931, to January 26, 1932, he was "practically bedfast". The insured consulted a physician for the first time on January 26, 1932, when he was examined by Doctor Edmiston, a general practitioner, who had known the insured personally since 1926, and who had observed him from time to time only by having met him on the streets, and at American Legion meetings. Dr. Edmiston testified that when he examined him on January 26, 1932, he was emaciated, thin, and very pale, with a fever and rapid pulse; there were numerous openings or sinuses about his buttocks which were draining. His condition was such that he did not undertake a thorough examination, but ordered him to the hospital immediately. From this examination, the doctor concluded that the insured was suffering from a rectal carcinoma. The insured was admitted to the Veterans Hospital at Kansas City on January 27, 1932, and died one week later. The official diagnosis and cause of death was rectal carcinoma with liver metastasis.

It is the theory of the appellee that the cancerous condition was of an early inception, probably in the late Twenties, which developed rather slowly and gradually until he became totally and permanently disabled two or three years prior to his death. This theory is supported by the testimony of Dr. Edmiston. The Government's theory of the case, supported by the testimony of a Government physician, is to the effect that the cancerous condition had its inception some four to eight months prior to his death; that prior thereto he was afflicted with a nondisabling, curable disorder; that he was engaged in a sub-stantially gainful occupation when the policy lapsed, and was not totally and permanently disabled while the policy was in force. On this basis, it is urged that the evidence is entirely insufficient to support a finding of total and permanent disability while the policy was in force.

■ The veteran does have a work record after September, 1929, and after November 18, 1930. The evidence in that connection shows that he did sell real estate in the Rio Grande Valley beginning in November or December, 1930, and continued at this work until April, 1931, however, it is not essential that the insured be bedridden, wholly helpless, or that he should abandon every possible effort to work. Temporary or spasmodic periods of work do not necessarily negative total and permanent disability. Berry v. United States, 312 U.S. 450, 61 S.Ct. 637, 85 L.Ed. 945; Lumbra v. United States, 290 U.S. 551, 54 S.Ct. 272, 78 L.Ed. 492; Dye v. United States, 10 Cir., 123 F.2d 385. From the whole record, it is fairly plain that for a number of years prior to his death, and while the policy was in full force and effect, the insured was suffering from a severe rectal disorder or disease. It grew progressively worse until he became bed-fast. When he was first examined by a physician, his condition was hopeless, and he died within a week after entering the hospital.

■ The trial court has found that the insured was totally and permanently disabled from and after September 1, 1929, but the appellee is entitled to recover if, on or before November 18, 1930, the insured became unable to follow continuously a substantially gainful occupation for which he was mentally and physically qualified. Dye v. United States, supra. Certainly there was evidence from which the trial court could have reached a contrary conclusion, but in the light of the whole record, we are unable to say that the judgment of the trial court is not supported by competent and substantial evidence. It is therefore not clearly erroneous and is affirmed.